UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTA MOMENTS,

                Plaintiff,

-against-

C.O. JANE DOE,

                Defendant.

24-CV-9477 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Washington Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that her constitutional rights were violated when she was incarcerated at Ulster Correctional Facility located in Napanoch, Ulster County, New York. Named as the defendant is a Jane Doe correctional officer who allegedly harassed Plaintiff. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant violated her rights when Plaintiff was incarcerated at Ulster Correctional Facility. She does not plead the residence of Defendant, who is named as a Doe defendant, but asserts that the alleged events giving rise to her claims occurred at Ulster Correctional Facility, located in Ulster County, which falls within the Northern District of New York. *See* 28 U.S.C. § 112. Because it is unknown where Defendant resides, it is unclear whether venue is proper under Section 1391(b)(1) in this District or in the Northern District of New York. Even if the Court did assume that Defendant resides in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at Ulster, venue would also be proper under Section 1391(b)(2) in the Northern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at Ulster Correctional Facility, where Defendant is employed and where it is

reasonable to expect that all relevant documents and witnesses would be located. The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 19, 2025
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge